Stuart Shanus (SBN 188046)
email: sshanus@reedsmith.com
REED SMITH LLP
1901 Avenue of Stars, Suite 700
Los Angeles, CA 90067-6078
Telephone:  310-734-5200
Facsimile:  310-734-5299

Attorneys for Plaintiff,
Michael Fischer

FILED

2009 MAY 22  PM 2: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FISCHER, <br><br>            Plaintiff, <br><br> vs. <br><br> CHINATEL GROUP, INC., <br><br>            Defendant. | Civil No.: <br><br> **CV09-3682** VBF PJW <br><br> COMPLAINT |

Plaintiff, Michael Fischer ("Fischer"), by his attorneys Reed Smith LLP, as and for his Complaint against Defendant ChinaTel Group, Inc. ("ChinaTel"), hereby alleges as follows:

## **NATURE OF THE CASE**

1.     This is an action for breach of contract in connection with a Convertible Note Purchase Agreement dated February 12, 2008 (the "Note Purchase Agreement") entered into by and between Michael Fischer and ChinaTel Group, Inc., then known as Mortlock Ventures, Inc. ("ChinaTel").

2.     Despite repeatedly admitting its obligations to Fischer under the Note Purchase Agreement, ChinaTel has, without cause or justification, failed to make the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

required principal and interest payments to Fischer.  He thus brings this action in order to recover such overdue payments.

## PARTIES

3.      Plaintiff Michael Fischer is an individual who is a citizen and resident of the Federal Republic of Germany.  Fischer is the purchaser of the Note at issue in this action.

4.      Upon information and belief, Defendant ChinaTel is a corporation organized under the laws of the State of Nevada with its principal place of business in Irvine, California.  ChinaTel sold the Note at issue herein to Mr. Fischer.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the matter is between a citizen of a State and a citizen of a foreign state, and because the matter in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff Fischer is a citizen and resident of Germany, and Defendant ChinaTel is a citizen of Nevada and California.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because (i) the Defendant resides in this District; (ii) a substantial part of the events, acts and omissions giving rise to Plaintiff's claims occurred within this District; and (iii) the Defendant is subject to personal jurisdiction in this District.   Venue is also proper pursuant to the Note Purchase Agreement.

## FACTUAL ALLEGATIONS

7.      On or about February 12, 2008, Plaintiff Fischer purchased a Note in the principal amount of $1,000,000 from ChinaTel pursuant to the Note Purchase Agreement.  A true and correct copy of the executed Note Purchase Agreement is attached hereto as Exhibit A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

COMPLAINT

8.      According to Section 8.1 of the Note Purchase Agreement, the Note matured on December 31, 2008 (the "Maturity Date"), and ChinaTel was required to repay the Note in full on that date, plus any accrued and unpaid interest, unless the Note was earlier redeemed, repurchased, repaid or converted in accordance with the terms of the Note Purchase Agreement.

9.      Section 8.1 of the Note Purchase Agreement specifies that interest shall accrue on the Note at a rate of ten percent *per annum* from the closing date (February 18, 2008), until such time as the principal amount of the Note is paid or converted.

10.      Section 9 of the Note Purchase Agreement gave Fischer the option to convert the Note and all accrued interest on the principal amount of the Note for common shares of ChinaTel at the conversion price of $0.95 per share.

11.      While Mr. Fischer considered converting the Note and engaged in some discussions with ChinaTel regarding a possible conversion, he ultimately informed ChinaTel in writing that he would not convert the Note and instead had elected to hold it until the Maturity Date.

12.      Fischer never delivered the required Notice of Election to Convert pursuant to Section 9.1 of the Note Purchase Agreement, and Tammy Perry of Westmoore, Inc., ChinaTel's transfer agent, confirmed in writing to Mr. Fischer that any order by him to convert the Note had been rescinded and was not effective.

13.      On December 17, 2008, Mr. Fischer informed Andrea Hickman ("Hickman") of Westmoore, in writing that he would not convert the Note to shares or extend the Note.  Mr. Fischer requested that ChinaTel redeem the Note upon maturity for the principal amount plus the accrued interest.  Mr. Fischer also requested that Hickman send him any paperwork necessary to complete the request.

14.      In response, later that day, Hickman sent Fischer a document called "Exhibit C Notice of Election to Redeem Pursuant to Section 8.2 of Amended and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 3 -

Restated Convertible Note Purchase Agreement" (the "Notice of Election"), and instructed Mr. Fischer to sign and return the form to complete the redemption request.

15.     Although Mr. Fischer was not required by the Note Purchase Agreement to complete any additional documentation for his redemption request to be valid, Mr. Fischer signed and returned the Notice of Election as requested by ChinaTel's agent. A true and correct copy of the executed Notice of Election is attached hereto as "Exhibit B".

16.     On December 18, 2008, Fischer made a proposal to Hickman via email. Mr. Fischer proposed that if ChinaTel were to repay his outstanding principal by December 23, 2008, prior to the Note's Maturity Date, Fischer would wave his right to the accrued interest payments.

17.     On December 22, 2008, Ms. Hickman informed Mr. Fischer that she had forwarded on his request to ChinaTel, but had not received an answer regarding his proposal. She further explained that he would not have to complete any additional documentation in support of his redemption request.

18.     On December 31, 2008, Mr. Fischer sent Ms. Hickman an email reminding her of his redemption request, and providing the bank information where the redemption and interest payments should be made.

19.     The redemption and interest payments were not made to Mr. Fischer as requested, and Fischer emailed Ms. Hickman on January 8, 2009 requesting an update as he had not heard anything from ChinaTel.

20.     The following day, Carlos Trujillo ("Trujillo"), the Chief Financial Officer of ChinaTel, contacted Mr. Fischer and explained that it was ChinaTel's intention to repay the Note after the company's year end audit was complete, but no later than March 31, 2009.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

COMPLAINT

21.     On February 5, 2009, when – despite additional follow-up by him – Fischer still had not heard back from ChinaTel or received his principal and interest payments on the Note, he again emailed Mr. Trujillo stating that he had not heard anything from ChinaTel since his last correspondence of January 30, 2009, and that it did not appear that ChinaTel intended to honor its contractual obligation under the Note Purchase Agreement.

22.     On February 9, 2009 – again having heard nothing – an attorney for Mr. Fischer, Roman Plachy, emailed Mr. Trujillo informing them that ChinaTel was in material breach of the Note Purchase Agreement, and in particular Section 8.1(a) of the Note Purchase Agreement.  Plachy demanded payment on the Note within 5 business days. The email further advised Mr. Trujillo that Mr. Fischer was not willing to accept ChinaTel's proposal to redeem the Note after the company's year end audit or no later than March 31, 2009, which was contrary to the terms of the Note Purchase Agreement.

23.     Following that email, Kenneth Waggoner ("Waggoner"), the General Counsel of ChinaTel, assured Mr. Fischer's counsel that ChinaTel would pay Mr. Fischer the principal plus accrued interest on the Note, and that it hoped to know when it could do so by March 9, 2009.

24.     Additional correspondence from Mr. Fischer's counsel to ChinaTel followed on March 10, 2009 when ChinaTel still had not performed its obligations under the Note Purchase Agreement, and Fischer again demanded immediate payment of all amounts due and payable, plus damages, costs and fees pursuant to Sections 13.3 and 13.5 of the Note Purchase Agreement.

25.     On March 20, 2009, Mr. Waggoner responded to Mr. Fischer's counsel by a letter sent via e-mail.  Mr. Waggoner assured Mr. Fischer's counsel that ChinaTel would be paying Fischer the money owed to him by the end of the month.  Waggoner also confirmed that, because Fischer never executed an Amended and Restated

COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Convertible Note Purchase Agreement, the Note Purchase Agreement governed and Fischer would be paid under the terms of the Note Purchase Agreement.

26.     On March 31, 2009, Plachy emailed Waggoner seeking a status update regarding ChinaTel's payments.  Waggoner responded by e-mail the following day explaining that ChinaTel was processing the redemption of the Note, had made the calculation for the amount due plus interest, and was awaiting funds to become available.  Waggoner explained that funds should be available by the end of the week, and that it was ChinaTel's intention to meet its payment obligations to Fischer.

27.     On April 16, 2009, Trujillo wrote to ChinaTel's Note Holders, including Fischer, extending his apologies for delays in the payments of Convertible Note balances.  Trujillo stated that funds were not yet available, but should become available by the end of May.  Trujillo again confirmed that ChinaTel fully intends to pay its obligations as soon as funds became available, and expected to begin making payments by May 15, 2009.

28.     Despite its repeated assurances of payment, and without cause or justification, ChinaTel still has not made any payments to Fischer on his Note.

### AS AND FOR THE FIRST CLAIM FOR RELIEF
### (Breach of Contract)

29.     Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

30.     Pursuant to the Note Purchase Agreement, ChinaTel was obligated to repay the principal amount of $1,000,000 to Fischer on December 31, 2008, plus ten percent interest accruing from the closing on February 18, 2008 until paid in full.

31.     Fischer has completed any and all obligations required of him under the Note Purchase Agreement.

32.     Despite ChinaTel's repeated acknowledgments that it does indeed owe Fischer the $1,000,000 in principal plus interest, ChinaTel has failed, without right or justification, to make any payments to Fischer.

33.     ChinaTel's failure to honor its obligations under the Note Purchase Agreement is a breach of the Note Purchase Agreement.

34.     Sections 13.3 and 13.5 of the Note Purchase Agreement provide that ChinaTel shall be obligated to pay all costs and expenses, including but not limited to attorneys' fees, in connection with enforcement of the Note or the Note Purchase Agreement, and/or collection under the Note or the Note Purchase Agreement.

35.     Fischer has been required to retain the services of counsel to attempt to collect on his Note and to prosecute this claim, and is therefore entitled to damages and costs, including but not limited to reasonable attorneys' fees, pursuant to the terms of the Note Purchase Agreement.

36.     Accordingly, Fischer is entitled to damages in an amount to be proven at trial, but not less than $1 million plus interest, costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant ChinaTel as follows: (a) $1,000,000 as repayment of principal under the Note Purchase Agreement; (b) accrued interest on the $1,000,000 in the amount of ten percent per annum from February 18, 2008 until paid, pursuant to the Note Purchase Agreement; (c) damages, costs and fees in an amount to be determined at trial, pursuant to Sections 13.3 and 13.5 of the Note

COMPLAINT

1    Purchase Agreement; and (d) such other and further relief as the Court deems just and
2    proper.

3    Dated:  May 22, 2009                    REED SMITH LLP

4
5
6    By _____
7         Stuart A. Shanus (SBN 188046)
         Email:  sshanus@reedsmith.com
8         Reed Smith LLP
         1901 Avenue of the Stars, Suite 700
9         Los Angeles, CA 90067

10        Jordan W. Siev
11        Edward J. Estrada
         REED SMITH LLP
12        599 Lexington Avenue
13        New York, New York  10022
         Telephone: 212.521-5400
14        Facsimile: 212.521-5450

15
16        Attorneys for Plaintiff,
         Michael Fischer
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV09- 3682 VBF (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL FISCHER

PLAINTIFF(S)

v.

CHINATEL GROUP, INC.

DEFENDANT(S)..

CASE NUMBER

CV09-3682 VBF PJWx

## SUMMONS

TO:   DEFENDANT(S): CHINATEL GROUP, INC.

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Stuart A. Shanus, Reed Smith , whose address is 1901 Avenue of the Stars, Suite 700, Los Angeles, CA 90067 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY 2 2 2009

By: NATALIE LONGORIA

Deputy Clerk

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1198

---

CV-01A (12/07)                              SUMMONS                              CCD-1A

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| MICHAEL FISCHER | CHINATEL GROUP, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Stuart A. Shanus (SBN 188046)<br>Reed Smith LLP<br>1901 Avenue of the Stars, Suite 700<br>Los Angeles, California 90067<br>Tel. 310-734-5200/Fax 310-734-5299 | |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 1,000,000

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332(a)(2) - Dispute between a citizen of a state and a citizen of a foreign country.

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☒ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV09-3682**

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2
| | CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [ X ] No  [ ] Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ X ] No  [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   [ ]  A.  Arise from the same or closely related transactions, happenings, or events; or
[ ]  B.  Call for determination of the same or substantially related or similar questions of law and fact; or
[ ]  C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ]  D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)
(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ]  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Germany |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ]  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _(signature)_   Date May 22, 2009
Stuart A. Shanus

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |